IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY KIRKENDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:09-cv-0062 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Judge Thomas A. Wiseman, Jr. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Before the Court is Plaintiff Anthony Kirkendall's Motion for Judgment on the Administrative Record (Doc. No. 15) seeking judicial review of the Commissioner's denial of Plaintiff's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The Commissioner has filed his own Motion for Judgment on the Pleadings. (Doc. No. 20.) Both motions have been fully briefed and are ripe for consideration. The Court withdraws the previous reference to the Magistrate Judge and, for the reasons explained below, finds that the ALJ's decision is supported by substantial evidence in the record, and that the ALJ applied the correct legal principles in reaching his decision. Accordingly, Plaintiff's motion will be denied, the Commissioner's motion granted, the decision in the administrative action affirmed, and this matter dismissed.

I.      INTRODUCTION

Plaintiff was born October 22, 1967 and was thirty-seven on the onset date of April 6, 2005. (Doc. No. 13, Certified Transcript of Administrative Record ("TR"), at 14.) Plaintiff filed for SSI on March 30, 2005 and DIB on April 6, 2005. (TR 9.) Plaintiff's claim was denied initially by the Commissioner on April 21, 2006, and again upon reconsideration on July 11, 2006. Plaintiff was granted a hearing before administrative law judge ("ALJ") Joan L. Lawrence on August 5, 2008. Edward M. Smith, a vocational expert, also testified at the hearing. In a decision dated November 26, 2008, the ALJ denied Plaintiff's application. (TR 9-15.) Plaintiff thereafter filed a timely request for review by the Appeals Council, which on April 16, 2009, was denied. (TR 2-5.) The ALJ's decision thus became the final decision of the Commissioner, from which the Plaintiff's appeal arises pursuant to 42 U.S.C. §§ 405(g) and 13183(c)(3).

## II.    THE ALJ'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on a review of the entire record, the ALJ determined that the claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act, and made the following findings in a written opinion issued November 26, 2008:

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 1998.

2.    The claimant has not engaged in substantial gainful activity since April 6, 2005, the amended alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3.    The claimant has the following "severe" impairments: mild degenerative changes of the lumbar spine; mild degenerative joint disease of the right hip; gastritis, which is controlled with medication; hypothyroidism, which is controlled with medication; hepatitis C, which is asymptomatic; a history of a drug screen positive for cannabinoids and opiates on February 5, 2004; and a history of multiple facial lacerations, a nasal fracture, a left pneumothorax, a left second metatarsal fracture, and a left knee laceration in a motor vehicle accident that occurred on April 26, [1]997.  (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (20 CFR 404.1525, 404.1525, 404.1526, 416.925 and 416.926).

5.    After careful consideration of the record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).  He can lift/carry 50 points on an "occasional" basis and 25 pounds on a "frequent" basis; and he can stand, walk, and/or sit a total of 6 hours during an 8 hour workday with normal breaks.

6.    The claimant has no past relevant work (20 CFR § 404.1565 and 416.965).

7.    The claimant was born on October 22, 1967, and was 3[7] years old, which is defined as a younger individual age 18-49, on the amended disability onset date of April 6, 2005.  (CFR 404.1563 and 416.963)

8.    The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.    Transferability of job skills is not an issue because the claimant does not have past relevant work.  (20 CFR 404.1568 and 416.968).

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969(c), and 416.969a).

11.    The claimant has not been under a "disability," as defined in the Social Security Act, from April 6, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g).

(TR 11-15.)

### III. APPLICABLE LEGAL STANDARDS

#### A. Standard of Review

Under the Social Security Act (the "Act"), the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal standards, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion. *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995). Conversely, however, the Court must reverse and remand for further findings if the ALJ applied incorrect legal standards, even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, 546 (6th Cir. 2004). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantiality is based on the record taken as a whole. *See Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984). When there has been a misapplication of the regulations or when there is not substantial evidence to support one of the ALJ's factual findings, the appropriate remedy is generally remand under sentence four of 42 U.S.C. § 405(g) for further consideration. *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

#### B. Evaluation of Entitlement to Social Security Benefits

Under the Act, a claimant is entitled to receive benefits only if he is deemed "disabled." 42 U.S.C. § 423(d)(1)(A). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability means a claimant, in light of his "age, education, and work experience," would be unable to "engage in any other kind of substantial work which exists in the economy." 42 U.S.C. § 423(d)(2)(A).

In applying the standards for determining disability, the Commissioner has promulgated regulations setting forth a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520 and 406.920. An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. *See id.* The Sixth Circuit has summarized the five-steps of the sequential evaluation process as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); 20 C.F.R. § 404.1520(b)-(f). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at step five to show that alternative jobs in the economy are available to the claimant, considering his age, education, past work experience and residual functional capacity ("RFC"). *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

**IV.    ANALYSIS AND DISCUSSION**

Plaintiff argues that (1) the ALJ erred by failing to sufficiently credit Plaintiff's allegations of disabling pain as required by 20 C.F.R. § 404.1529; and (2) the ALJ failed to give controlling weight to the opinion of Plaintiff's treating physician, and the medical source statement he prepared for the Plaintiff in anticipation of litigation in August of 2008, as was required under 20 C.F.R. § 404.1527. (Doc. No. 16, Pl.'s Brief Supp. Mot. for Jgmt. on the Record (hereafter, "Pl.'s Brief"), at 3-6.)

As set forth above, the question for this Court is whether substantial evidence supports the ALJ's findings and whether he applied the correct legal standards. *Abbott*, 905 F.2d at 922.

Because of the relatively focused nature of the Plaintiff's arguments, the Court does not find it necessary to provide an exhaustive factual account of the Plaintiff's medical history.

**A.  Whether the ALJ Erred By Not Giving Proper Deference to the Opinion of the Plaintiff's Treating Physician.**

The Sixth Circuit has consistently observed that even where the Commissioner's decision to reject a claimant's disability application is otherwise supported by substantial evidence, reversal will nonetheless be required if the agency fails to follow its own procedural regulations requiring the agency to "'give good reasons' for not giving weight to a treating physician in the context of a disability determination."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  *Strunk v. Astrue*, No. 08-201-GWU, 2009 U.S. Dist. LEXIS 33986 (E.D. Ky. Apr. 22, 2009) (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922 (6th Cir. 1987)).

An ALJ generally is required give more weight to opinions from treating sources since "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."  20 C.F.R. § 404.1527(d)(2).  Further, an ALJ must give the opinion of a treating source controlling weight if he finds the opinion to be "well supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record."  *Id.*  The weight given a treating physician's opinion on the nature and severity of impairments depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  20 C.F.R. § 404.1527(d); *Harris v. Heckler*, 756 F.2d 431 (6th Cir. 1985).  If not contradicted by any substantial evidence, a treating physician's medical opinions and diagnoses are afforded complete deference.  *Miksell v. Comm'r of Soc. Sec.*, No. 388, 2008 U.S. Dist. LEXIS 12913, at *21 (S.D. Ohio, June 12, 2008) (citing *Harris*, 756 F.2d at 435)).

If the opinion of a treating source is not accorded controlling weight, in determining what weight to give the opinion, an ALJ must consider factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source.  *Harris, 756 F.2d at 431-35.*

The regulation requires the agency to always "give good reasons" for the weight given a treating source's opinion. *Id.* "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that her physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement ensures that the ALJ applies the treating-physician rule and permits meaningful review of the ALJ's application of the rule. *Wilson*, 378 F.3d at 544-45 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004). In addition, the Commissioner interprets 20 C.F.R. §§ 404.1527(f) and 416.927(f) as requiring ALJs to consider opinions of agency consultants "as opinions of nonexamining physicians and psychologists." SSR 96-6p. ALJs are not "bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Id.*

Here, in his August 2008 medical assessment, Plaintiff's treating physician Dr. Doug Smith limited Plaintiff to occasionally lifting up to 10 pounds and frequently lifting 5 pounds, standing/walking/sitting for up to 2 hours in an 8 hour day, and multiple postural and environmental restrictions. (TR. 152-54.) Plaintiff argues that, as a treating physician, Dr. Smith's opinion is entitled to great weight as medical source evidence, and that the ALJ wrongly rejected his opinion. (Pl.'s Brief, at 3-6.) The Court nonetheless finds that the ALJ did not err in her treatment of this treating physician's opinion because the record reflects, contrary to the Plaintiff's assertion, that the ALJ considered the medical opinion of Dr. Smith along with the entire medical record and gave good reasons for not according it deference.

Specifically, the ALJ found that Dr. Smith offered insufficient evidence to support the extreme limitations he included in his August 2008 medical assessment where, instead of providing specific medical findings explaining the drastic limitations, he simply wrote "see attached records." (TR 153.) On that basis the ALJ determined that Dr. Smith's medical assessment was not entitled to significant evidentiary weight. (TR. 13.) The ALJ further found such severe limitations to be inconsistent with the record, including Dr. Smith's own conservative treatment plan[1] and Plaintiff's range of daily activities. (TR

---

[1] The ALJ noted that Dr. Smith's treatment record revealed that, despite complaints of lower back, hip and leg pain, Plaintiff, inter alia, has continuously had a good range of motion upon physical examination, has continued to walk, unassisted, with normal gait, and that MRI's of his lower extremities have shown only

12-14.) Simply put, the ALJ found that Dr. Smith's treatment record "failed to reveal the type of significant and laboratory abnormalities one would expect if the claimant were in fact disabled." (TR at 13.) That conclusion is supported by the record, and the ALJ did not err in determining that Dr. Smith's opinion was not entitled to controlling weight.

### B.  Whether the ALJ Erred by Failing to Find that Plaintiff was Disabled by Pain

SSR 96-7p provides instruction on evaluating credibility as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true.  When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

In addition, 20 C.F.R. § 404.1529(c) describes the kinds of evidence that the ALJ is to consider, in addition to the objective medical evidence, when assessing the credibility of an individual's statements, including:  (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

As Plaintiff correctly indicates, § 404.1529(c)(2) states that the Commissioner will not "reject" statements by a claimant about the intensity or persistence of his or her pain solely because they are not substantiated by the available evidence.  (Pl.'s Brief, at 4.)  However, § 404.1529(c)(4) goes on to clarify that such statements by a claimant will still be considered *in relation to* the objective medical evidence, with attention given to any inconsistencies between a claimant's statements and the other evidence.  Thus while the Plaintiff is correct that a claimant's claims of pain cannot be rejected outright just because they are not substantiated by the evidence, the inconstancies between those statements and the other available evidence will be considered when determining the credibility of such statements.

---

mild degeneration.  The ALJ also noted that Plaintiff's gastritis, hypothyroidism, and depression are well controlled by medication, from which, according to the Plaintiff, he has experienced no side-effects. Additionally, the ALJ found the fact that Plaintiff's lengthy treatment record under Dr. Smith contained no restrictions whatsoever on his daily activities, or any mention of abnormality, stood in stark contrast to the rather drastic, utterly disabling limitations ascribed by Dr. Smith in his medical assessment, which was prepared solely for purposes of supporting Plaintiff's disability claim.  (TR 13.)

A claimant's credibility is a significant consideration in the evaluation of pain, because tolerance of pain is very much an individual matter. *Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987). However, an ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other. *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990). Thus, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997).

In the present case, Plaintiff's testimony that he was disabled by pain not only conflicts with substantial evidence on the record, but also with other parts of Plaintiff's own testimony. Furthermore, Plaintiff's range of daily activities—such as assisting with chores like paying bills, preparing meals and washing dishes, as well as driving, alone, to go grocery shopping—undermines his claims of a "disabling" level of pain. (TR 107-114, 460-461.) Finally, the ALJ noted that Plaintiff's GERD and gastritis were controlled with medication, and that his hepatitis C was asymptomatic. (TR 12-13.) Here, it is clear that the ALJ did not dismiss Plaintiff's complaints of pain, as Plaintiff contests, but, rather, incorporated the degree of pain supported by the objective evidence, in formulating Plaintiff's RFC. (TR 9-15.)

In his written decision, consistent with both SSR 96-7p and the above-listed factors from 20 C.F.R. § 404.1529(c), the ALJ, in considering the entirety of the record, determined that Plaintiff's complaints of pain were inconsistent with the objective medical evidence, the conservative treatment record, and the Plaintiff's own testimony. (TR 9-15, 107-114, 460-461.) Plaintiff obviously disagrees with the ALJ's discounting of his credibility, but it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determination with regard to Plaintiff's degree of pain and his residual functional capability, and that substantial evidence on the record supports the ALJ's determination. Accordingly, the Court declines to disturb the ALJ's credibility findings.

## V.     CONCLUSION

For the reasons discussed above, the Court finds that the ALJ applied the appropriate legal

standards in reaching his conclusion, and that his decision is supported by substantial evidence in the record.  An appropriate order denying Plaintiff's motion for judgment will be entered.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge